McKinNEy, J.,
delivered the opinion of the Court.
This is a motion to quash a writ of fieri facias issued from this Court.
The facts are these: At the December Term of this Court, 1859, a judgment was rendered, in an action of debt, in favor of James A. Gaut against James H. Neil and others, for $1,279.0®. On the 13th February, 1860, *397 an execution was issued upon said judgment, returnable pursuant to the Statute, on the first Monday of June thereafter, bearing teste the first Monday of December, 1859.
This execution was placed in the hands of the Sheriff of Bedford, and was by him levied on the 10th of April, 1860.
Thereupon, a petition was presented to one of the Judges of this Court, at Chambers, for a supersedeas, on the ground that, after the term at which said judgment was rendered, but before the issuance of the execution, the plaintiff, James A. G-aut, had departed this.life, and that there had been no revivor of the judgment. A supersedeas ■was awarded ; and a motion is now made to quash the execution for the reason, that it had issued in the name •of the plaintiff, James A. Gaut, after his death.
The common law upon this subject remains unchanged in this State; according to which the fieri facias has re•lation to its teste.
It has been long since settled by our Courts, (in the case of the death of the defendant,) that if the execution be tested before the death, it may be - executed after his death: Peck’s Rep., 81; 7 Yerg., 531.
We find no casé in our own books," where the question has been presented, in the case of the plaintiff’s■ death after the teste of the fieri facias. But, according to the common law authorities, if the plaintiff die after the teste of' the writ, or after a fieri facias sued out, it may be executed, notwithstanding his death, and his personal representative shall have the money; or, if there be no personal representative,- the money will be deposited in the Court, until the appointment of one: 2 Vol. Tidd’s Prac., 915-16, and casos cited in note.
*398 It follows, therefore, that the supersedeas must be dismissed, and judgment rendered against the petitioners and their surety, in favor of the administrator of Gaut, in whose name the judgment has been revived.